UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

WEST END CAPITAL MANAGEMENT,
LLC, individually and on behalf of all : 06 Civ. 2951 (TPG)
others similarly situated,

: **OPINION**

Plaintiffs,

:

- against -

:

PIXELPLUS CO., LTD., SEO KYU LEE,
MOON SUNG KIM, SANG-SOO LEE, OU :
SEB LEE, DONGWOO CHUN, HA JIN
JHUN, TAEK JIN NAM, CHOONG-KI :
KIM, JEFFRIES & COMPANY, INC., AND
W.R. HAMBRECHT + CO., LLC., :

Defendants. :

------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/07

Plaintiffs have filed a motion for approval of a proposed partial settlement of this class action. The notice of the proposed settlement has not been given to class members, nor has the hearing date been set. The reason for this is that the nonsettling defendants, Jeffries & Co., Inc. and WR Hambrecht + Co., LLC ("Underwriter Defendants") have objected to certain features of the proposed settlement. It was appropriate to deal with those objections before proceeding further.

By letter dated May 12, 2008 counsel for the Lead Plaintiff advised the court that all of the objections of the Underwriter Defendants had been resolved by agreement, except for one. Briefing has now been completed as to that one objection, which this opinion deals with.

The Underwriter Defendants are asserting a limited objection to a "bar order" contained in the proposed settlement agreement. The bar order is set forth in Section V, paragraph 4.5, of the Stipulation of Settlement, and provides

> The Final Judgment shall, as a condition for the Settlement, permanently bar, enjoin and restrain all of the Nonsettling Defendants in the Litigation, and any other person or entity later named as a defendant in the Litigation, from (I) commencing, prosecuting, or asserting any claim for contractual or other indemnity or contribution against the Released Persons (or any other claim against the Released Persons where the injury to the Nonsettling Defendants is the Nonsettling Defendants' actual or threatened liability to the Lead Plaintiff, on behalf of itself and/or the Class); and (ii) from commencing, prosecuting or asserting any claim against the Released Persons arising out of, related to, or reasonably flowing from the claims or allegations asserted by Lead Plaintiff, on behalf of itself and the Class, in the Complaint or the Litigation, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims or third-party claims, whether asserted in the Complaint, in the Litigation, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

Section 9(a) of the Underwriting Agreement entered into by the Underwriter Defendants provides that the underwriters are to be indemnified

for various kinds of liabilities and losses, including fees and expenses incurred in litigation. Although the proposed bar order does not expressly speak of indemnification for such fees and expenses, it is agreed that the bar order is broad enough to cover such indemnification.

It is only this indemnification - i.e., for fees and expenses in litigation - which the Underwriter Defendants wish to save from the application of the bar order. And even here the Underwriter Defendants qualify this request. Their precise request is made in light of their interpretation of the applicable law regarding indemnification in cases such as the present one. They seek only to preserve their contractual right with respect to a successful defense of the present action.

A careful examination of the case law indicates that the Underwriter Defendants should be entitled to maintain their contractual right to the limited indemnification on the terms they set forth. The court concludes that the position of the Underwriter Defendants is entirely reasonable and lawful.

The court rules that the bar order in the proposed Settlement Agreement should be amended to provide that it does not apply to the Nonsettling Defendants' rights to seek contractual indemnification for

attorneys' fees and other legal expenses incurred in the successful defense of this action.

    SO ORDERED.

Dated:     New York, New York
            October 1, 2008

                                      THOMAS P. GRIESA
                                      U.S.D.J.